**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

GERARD J. PUGH,                          )
                                         )
                    Plaintiff,           )
                                         )
v.                                       )          CV419-251
                                         )
MICAHEL L. GREEN, *et. al.*,             )
                                         )
                    Defendants.          )

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff, appearing *pro se*, has submitted a 42 U.S.C. § 1983 Complaint alleging a slew of complaints relating to his arrest and prosecution. Doc. 1. He seeks to proceed *in forma pauperis* (IFP). Doc. 2. As Plaintiff does not appear indigent, the application of IFP should be **DENIED**.

In his application, Plaintiff claims to earn $1,100 in wages biweekly. Doc. 2 at 1. He claims to have no liquid assets and several debts; however, in regard to monthly expenses, such as shelter, food and transportation, he has indicated "N/A." Doc. 2 at 2. Though the Court is skeptical that Plaintiff is truly without any constraints of normal living expenses, it accepts Plaintiff's financial situation as reported. As Plaintiff earns a regular

income of $1,100 on a biweekly schedule and claims no living expenses, he is not indigent and is capable of prepaying the $400 filing fee.

While a plaintiff need not be absolutely destitute in order to proceed IFP, *Adkins v. E.I. Dupont de Nemours*, 335 U.S. 331, 339 (1948), the fact that financing his own litigation may cause some difficulty is not sufficient to relieve a plaintiff of his obligation to pay his own way where it is possible to do so without undue hardship. *Thomas v. Secretary of Dep't of Veterans Affairs*, 358 F. App'x 115, 116 (11th Cir. 2009) (the Court has wide discretion in ruling on IFP application, and should grant the privilege "sparingly" in civil cases for damages). Two important points must be underscored. First, proceeding IFP is a privilege, not an entitlement. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 198 (1993). And second, courts have discretion to afford litigants IFP status; it's not automatic. 28 U.S.C. § 1915(a)(1) (courts "*may* authorize the commencement" of IFP actions); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *see also Marceaux v. Democratic Party*, 79 F. App'x 185, 186 (6th Cir. 2003) (no abuse of discretion when court determined plaintiff could afford to pay the filing fee without undue hardship because he has no room and board expenses, owns a car, and spends the $250.00 earned each month selling plasma on completely discretionary items); *Lee v. McDonald's Corp.*,

231 F.3d 456, 458 (8th Cir. 2000) (the decision of whether to grant or deny IFP status under 28 U.S.C. § 1915 is discretionary).  Given his disclosed assets, Pugh is not indigent.  Likewise, in a case filed on the same day as the one here, the Court determined that plaintiff was not entitled to proceed in forma pauperis.  See Case No. CV419-250, doc. 12.  Accordingly, the Court also **RECOMMENDS** a similar payment schedule should the assigned district judge adopt this Report and Recommendation.  Id. (recommending 21 days from the date of the order adopting to pay filing fee).  Accordingly, his application to proceed *in forma pauperis* should be **DENIED**.  Doc. 2.

Plaintiff also asks the Court to appoint counsel to assist him with the case.  Doc. 5.  In this civil case, however, plaintiff has no constitutional right to the appointment of counsel.  *Wright v. Langford*, 562 F. App'x 769, 777 (11th Cir. 2014) (citing *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999)).  "Although a court may, pursuant to 28 U.S.C. § 1915(e)(1), appoint counsel for an indigent plaintiff, it has broad discretion in making this decision, and should appoint counsel only in exceptional circumstances."  *Wright*, 562 F. App'x at 777 (citing *Bass*, 170 F.3d at 1320).  Appointment of counsel in a civil case is a "privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner."  *Fowler v. Jones*, 899 F.2d 1088,

3

1096 (11th Cir. 1990) (citing *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987), and *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985)).

The Eleventh Circuit has explained that "the key" to assessing whether counsel should be appointed "is whether the pro se litigant needs help in presenting the essential merits of his or her position to the court.  Where the facts and issues are simple, he or she usually will not need such help." *McDaniels v. Lee*, 405 F. App'x 456, 457 (11th Cir. 2010) (quoting *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993)).   A review of the record and pleadings in this case reveals no such "exceptional circumstances" warranting the appointment of counsel.  This case is not so complex, legally or factually, as to prevent plaintiff from presenting "the essential merits of his position" to the Court.  His request for appointment of counsel is **DENIED**.  Doc. 5.

This Order and R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to the R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections

should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED**, this 14th day of January, 2020.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA