## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

| | | |
|---|---|---|
| GERARD J. PUGH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV419-251 |
| | ) | |
| DETECTIVE MICHAEL | ) | |
| L. GREEN, | ) | |
| DETECTIVE JOHN BEST, | ) | |
| DETECTIVE GREG THOMAS, and | ) | |
| SAVANNAH POLICE | ) | |
| DEPARTMENT, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Defendants have not been served, as required by the Federal Rules of Civil Procedure. Fed. R. Civ. P. 4. Plaintiff was directed to show cause why the lack of service should not result in the dismissal of this case. Doc. 12. He has provided a response. Doc. 15. Defendants have also filed a motion to dismiss alleging that the Complaint fails to state a claim on which relief can be granted. Doc. 13. Plaintiff has filed a response in opposition to this motion. Doc. 14. Both the response to the Court's Order and defendants' motion were untimely. *See* doc. 12 (requiring a response within 14 days); S.D. Ga. L.R. 7.5 (requiring a response within

14 days to all motions, other than a motion for summary judgment).  For the following reasons, the Court **RECOMMENDS** that the motion to dismiss by **GRANTED** and, alternatively, that the case be **DISMISSED** for failure to serve.

## BACKGROUND

The facts alleged in the Complaint are less than sparse.  From the limited information provided, the Court understands that plaintiff visited a police precinct on Habersham Street on December 2, 1996, to file a warrant application against "Mervin" and "Derly."  Doc. 1 at 4. While at the precinct, plaintiff was arrested, allegedly without a warrant or indictment.  *Id*.  4–5.  When paperwork supporting the arrest was produced, it included an incorrect name.  *Id*. at 5.

## ANALYSIS

### I.    Motion to Dismiss

Defendants seek dismissal of plaintiff's case under Federal Rule of Civil Procedure 12(b)(6), asserting that the statute of limitations has long since expired.  Doc. 13; *see also generally*, doc. 13-1.  Specifically, they allege that the statute of limitations began to run on December 2, 1996,

the date of plaintiff's arrest and expired two years later.[1]  Doc. 13-1 at 4.

Defendants contend that as the filing deadline has passed and no valid

grounds have been offered for tolling or extension of the statute of

limitations, the plaintiff cannot assert a plausible claim for relief and

dismissal is appropriate.  Plaintiff objects to the motion on the belief that

the statute of limitation for his claim was tolled during the pendency of

his incarceration.  Doc. 14.  Plaintiff's understanding of the statute of

limitations, however, is incorrect and the deadline for filing this claim

passed more than two decades ago.

## A. Standard of Review

A motion to dismiss under Rule 12(b)(6) "tests the sufficiency of the

complaint against the legal standard set forth in Rule 8: 'a short and

plain statement of the claim showing that the pleader is entitled to

relief.'" *Wilborn v. Jones*, 761 F. App'x 908, 910 (11th Cir. 2019) (*per

curiam*) (quoting Fed. R. Civ. P. 8(a)(2)).  "To survive a motion to dismiss,

a complaint must contain sufficient factual matter, accepted as true, to

---

[1] Defendants miscalculate the time that has passed since the statute of limitations expired as more than 22 years and nine months at the time of filing their motion. Doc. 13-1 at 4.  This overstates the actual length of time by nearly 11 months. Regardless, considering the extreme amount of time that has passed since plaintiff's arrest and conviction, this error has no impact on the Court's analysis.

'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).   When considering a Rule 12(b)(6) motion to dismiss, the Court accepts the facts alleged as true and construes all reasonable inferences in the light most favorable to the plaintiff.   *Belanger v. Salvation Army*, 556 F.3d 1153, 1155 (11th Cir. 2009); *see* Fed. R. Civ. P. 12(b)(6).   Even under this relaxed standard, Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

### B. Untimeliness of the Complaint

As a statute of limitation typically functions as an affirmative defense around which plaintiffs are not required to plead in their complaint, it generally cannot support a motion to dismiss.   *La Grasta v. First Sec., Inc.*, 358 F.3d 840, 845–46 (2004).   The only exception being where it is "'apparent from the face of the complaint' that the claim is time-barred."   *Id.* at 845 (quoting *Omar v. Lindsey*, 334 F.3 1246, 1247 (11th Cir. 2003)).   Section 1983 claims are subject to the statute of limitations applicable to personal-injury torts under state law. *Wallace v. Kato*, 549 U.S. 384, 387 (2007) (internal citation omitted).   Under

Georgia law, the statute of limitations for such claims is two years. O.C.G.A. § 9-3-33; see *Williams v. City of Atlanta*, 794 F.2d 624, 626 (11th Cir. 1986).  Generally, the statute of limitations for § 1983 claims begins to run when facts supporting the cause of action are or should be reasonably apparent to the plaintiff.  *Brown v. Ga. Bd. of Pardons & Paroles*, 335 F.3d 1259, 1261 (11th Cir. 2003) (*per curiam*).

Plaintiff's response to the Motion to Dismiss does not clearly state for what period he believes the statute of limitations was tolled or for what reason.  Plaintiff initially suggests that the limitations period did not run while he was detained awaiting trial.  Doc. 14 at 1.  This is incorrect.  Though not expressly articulated in the Complaint, it appears that all of plaintiff's claims stem from his arrest.  *See, e.g.,* doc. 1 at 2–3 (naming as defendants "the officer[s] who handcuffed [plaintiff] without a warrant."); *id*. at 5 (seeking damages for "arresting the wrong man"); *but see* doc. 14 ("this petition is base[d] upon a miscarriage of justice deriving from a wrongful conviction that happen[ed] on March 12, 1998.").  The statute of limitations on those offenses began to run at the time of his detention.  *See Wallace*, 549 U.S. at 387–97 (holding that the statute of limitations for a § 1983 claim based on an allegation of false

arrest begins to run at the time defendant is detained pursuant to legal process and is not tolled by conviction).

Even if plaintiff's claims were derived from the referenced conviction, the Complaint is well out of time.  He alleges that he was convicted on March 12, 1998.  Doc. 14 at 1.  As such, the deadline for filing a § 1983 claim was March 12, 2000.  Plaintiff seems to suggest that this deadline was tolled by the filing of various state and federal habeas corpus actions, which were pending through his time incarcerated.  This is simply incorrect.  Though the filing of a state habeas petition does toll the time for filing a federal habeas petition under 22 U.S.C. § 2254, it has no such effect on other types of claims.  *See* 28 U.S.C. §§ 2244(d).  Habeas corpus claims and § 1983 are different varieties of litigation—the former limited only to seeking release from confinement and the latter allowing monetary remedies for a deprivation of rights—and can be sought concurrently, without the need to resolve one before the other.  Therefore, there is no reason for tolling the statute of limitation on a civil rights complaint during the pendency of a habeas action.  *See, e.g., Salas v. Pierce*, 297 F. App'x 874, 877 (11th Cir. 2008) ("[S]tate law generally determines tolling rules." (citing *Wallace v. Kato*, 594 U.S. 384, 393-96

(2007)); O.C.G.A. §§ 9-3-90 to 9-3-99 (identifying circumstances tolling the statute of limitations, but not including pending collateral litigation).

As plaintiff is proceeding without the assistance of counsel, the Court might construe his response, which speaks to the need for justice, to assert that he is entitled to equitable tolling of the statute of limitations. *See Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017) (*per curiam*) (acknowledging that *pro se* pleadings are held to a less stringent standard and are liberally construed). A limitations period may be equitably tolled only when a plaintiff "untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir.1999) (emphasis added). Equitable tolling is "an extraordinary remedy which should be extended only sparingly." *Justice v. United States*, 6 F.3d 1474, 1479 (11th Cir. 1993) (citation omitted). As plaintiff has not pointed to any extraordinary impediment preventing his ability to file this Complaint before the statute of limitations expired, or at any point in the last twenty years, it is time-barred. *See Salas*, 297 F. App'x at 877 ("Because [plaintiff] fails to show how his pending habeas petition created an extraordinary circumstance so that he could not file

his § 1983 action, the district court did not err by refusing to toll the statute of limitations."). Therefore, the motion to dismiss should be **GRANTED**. Doc. 13.

## II.   Failure to Serve

Despite this case having been filed more than nineteen months ago, plaintiff has not served the defendants. Federal Rule of Civil Procedure 4(m) requires that a plaintiff effect service within 90 days of the complaint being filed. Fed. R. Civ. P. 4(m). Service upon an individual requires that a copy of the summons and complaint be delivered to the defendant or their agent personally or left at their home with a person of suitable age and discretion. Fed. R. Civ. P. 4(e); O.C.G.A. § 9-11-4(e)(7). Service upon a governmental organization, such as a police department, requires delivery of the complaint and summons to the organization's "chief executive officer."[2] Fed. R. Civ. P. 4(j)(2); O.C.G.A. § 9-11-4(e)(5).

---

[2] Plaintiff has sued the Savannah Police Department, which is not an entity subject to suit under 42 U.S.C. § 1983. *Lovelace v. DeKalb Cent. Prob.*, 144 F. App'x 793, 795 (11th Cir. 2005) (county police department is not a legal entity subject to suit under § 1983); *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) (sheriff and police departments are not considered legal entities subject to suit); *cited by Bunyon v. Burke Cnty.*, 285 F. Supp. 1310, 1328 (S.D. Ga. 2003): *Bembry v. St. Lawrence*, 2007 WL 4256984 at *2 (S.D. Ga. Nov. 30, 2007) ("Chatham County Jail [] is not an entity subject to suit under § 1983").

Both the complaint and a summons must be served by someone over the age of 18 who is not a party to the case.  Fed. R. Civ. P. 4(c)(1) & (2).  Unless service is waived, or effected by the United States Marshal Service, the plaintiff must provide proof of service to the Court.  Fed. R. Civ. P. (l)(1).  If service is not completed within 90 days of filing, court action, including possible dismissal, is mandatory.  Fed. R. Civ. P. 4(m) (if service is not timely, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against [the unserved] defendant or order that service be made within a specified time.").

Plaintiff has not filed proof of service, as required by Rule 4(l), and there is no indication that summons have been requested or issued.  Fed R. Civ. P. 4(b) & (l)(1).  In response to the Court's Show Cause Order, plaintiff indicated that he contacted the Court to determine "why the Court ha[d] not sent a copy of the petition."  Doc. 15 at 1.  He alleges that he was told that the delay was due to a backlog caused by COVID-19 and that he would be required to wait until a judge was available to provide authorization.  *Id.*  It is not clear what plaintiff believes required a judge's

authorization.[3]  Plaintiff also requested defendants' address, which the Court could not provide.  *Id.*  Plaintiff alleges that after waiting 11 months, he received a document that he promptly sent to defendants.  *Id.* at 2.  As he did not have individual addresses for the defendants, he sent the documents to "the chief or head person in charge to serve all other defendants in [the] case."  *Id.*

The Federal Rules of Procedure impose very specific requirements for how pleadings and summonses must be served.  The purpose of these rules is to ensure that defendants are provided with prompt notice of the allegations asserted and are given an opportunity to mount a defense. Plaintiff has failed to satisfy multiple service requirements.  Firstly, by his own admission, plaintiff has not provided a copy of the Complaint and summons to each individual defendant.  *See generally* Fed. R. Civ. P. 4. In fact, no summons has been issued in this case.  Second, plaintiff does not attest that a person over the age of 18 personally served each

---

[3] It is possible that the Clerk's Office response assumed that Pugh was proceeding *in forma pauperis*, and thus his complaint was subject to screening pursuant to 28 U.S.C. § 1915(e).  Pugh's request to proceed *in forma pauperis* was denied.  Doc. 11. He subsequently paid the filing fee.  *See* docket entry dated March 13, 2020.  As the Order to Show Cause explained, the obligation to serve defendants within 90 days, pursuant to Rule 4(m), commenced on that date.  As discussed below, plaintiffs response to the Show Cause Order indicates that he failed to serve defendants, as required by Rule 4.

defendant.  Fed. R. Civ. P. 4(c) & (e).  Instead, he suggests that a single copy of the pleadings was sent someone with perceived supervisory authority over the defendants.  Though it is unclear exactly what plaintiff attempted, it is apparent that it was a far cry from personal service.

Third, service was not completed within 90 days of filing.  Fed. R. Civ. P. 4(m).  Upon a showing of good cause, the Court can extend the deadline for effecting service.  *Id.*  Plaintiff's assertion that service was hindered by Court delays and the lack of an address do not rise to the level of good cause warranting an extension.  Other than the issuance of summons, the Court has no authority to assist non-indigent plaintiffs in locating defendants or serving their pleadings.  *See, e.g., Arrington v. Wells Fargo*, 842 F. App'x 307, 311-12 (11th Cir. 2020) ("This liberal construction of [*pro se* litigants'] pleadings . . . does not excuse *pro se* litigants from following the procedural rules.  Nor does the *pro se* leniency allow a court to serve as de facto counsel for a party . . ." (internal quotation marks and citations omitted)).  At no time during the COVID-19 pandemic did this Court cease issuing summonses when requested by civil litigants.  It is plaintiff's responsibility to litigate his case in compliance with the applicable rules.  As plaintiff has failed to effect

service on defendants, this Complaint should be **DISMISSED**.

## CONCLUSION

Accordingly, the Court **RECOMMENDS** that the Complaint be **DISMISSED.** Dismissal of this case is appropriate on two entirely independent grounds. First, dismissal is warranted, pursuant to Federal Civil Procedure 12(b)(6) and defendants' motion, doc. 13, because plaintiff has failed to state a claim upon which relief can be granted. Therefore, Motion to Dismiss should be **GRANTED**. Doc. 13. Second, dismissal is warranted, pursuant to Federal Rule of Civil Procedure 4(m), because plaintiff, without good cause, failed to serve any defendant within 90 days. This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 1st day of June, 2021.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA