```
IN THE UNITED STATES DISTRICT COURT FOR
    THE SOUTHERN DISTRICT OF GEORGIA
             SAVANNAH DIVISION
```

| | |
|---|---|
| GERARD J. PUGH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. CV419-251 |
| ) | |
| DETECTIVE MICHAEL L. GREEN, ) | |
| DETECTIVE JOHN BEST, ) | |
| DETECTIVE GREG THOMAS, and ) | |
| SAVANNAH POLICE DEPARTMENT, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## O R D E R

Before the Court is the Magistrate Judge's June 1, 2021, Report and Recommendation (Doc. 21), to which Plaintiff has filed objection (Doc. 22). After a careful de novo review of the record, the report and recommendation is **ADOPTED** as the Court's opinion in this case. Accordingly, Plaintiff's complaint (Doc. 1) is **DISMISSED**.

The Magistrate Judge recommended dismissal of this case on two independent grounds. First, the Magistrate Judge recommended granting Defendants' motion to dismiss, finding that the statute of limitations ran in this case more than two decades before it was filed. (Doc. 21 at 2-8.) Second, the Magistrate Judge recommended dismissal based on Plaintiff's failure to timely serve Defendants. (Id. at 8-12.) Though Plaintiff addresses both issues

in his objection, he fails to resolve the concerns raised in the report and recommendation.

In his objection, Plaintiff contends that "courtroom procedure" required him to exhaust all state and federal appeals and collateral attacks on his conviction before he could file a civil suit. (Doc. 22 at 2-5.) Plaintiff appears to argue that this exhaustion requirement should take precedence over the statute of limitations in his case. However, the Court finds no such exhaustion requirement exists in Plaintiff's case brought under 42 U.S.C. § 1983. Accordingly, the Court will not disregard the statute of limitations imposed by Supreme Court precedent and Georgia statute. See Wallace v. Kato, 549 U.S. 384, 387, 127 S. Ct. 1091, 1095, 166 L. Ed. 2d 973 (2007) (explaining that 42 U.S.C. § 1983 claims are subject to the statute of limitations applicable to personal-injury torts under state law); O.C.G.A. § 9-3-33 (establishing a two-year statute of limitations for personal-injury torts). As Plaintiff's claims are clearly precluded by the statute of limitations, Defendants' motion to dismiss (Doc. 13) is **GRANTED**.[1]

---

[1] It appears that Plaintiff has confused the restrictions applicable to habeas corpus actions with those applicable to more general civil suits. Plaintiff has filed a claim for civil damages under 42 U.S.C. § 1983, based on an alleged deprivation of certain rights by state actors. (Doc. 1 at 3.) Habeas actions, alternatively, concern the legality of a person's confinement at the time of the action and allow only for an immediate or more speedy release. See Preiser v. Rodriguez, 411 U.S. 475, 494, 93 S.

2

Plaintiff also objects to the recommendation of dismissal for his failure to timely serve Defendants. (Doc. 22 at 1-2.) The Federal Rules of Civil Procedure require a plaintiff to serve all defendants within ninety days of filing a complaint. Fed. R. Civ. P. 4(m). More than twenty months have elapsed since the filing of this case and the docket contains no suggestion that summonses were submitted to the Court by Plaintiff or that any other steps were taken to effect service. Plaintiff alleges that his failure to serve was due to a financial hardship and a lack of access to public resources caused by the COVID-19 pandemic. (Doc. 22 at 1-2.) However, the Court never ceased the issuance of summonses in civil cases during the pandemic. Furthermore, Plaintiff never sought an extension of the service deadline. The COVID-19 pandemic cannot excuse Plaintiff's failure to timely perfect serve.

Accordingly, Plaintiff's objections are **OVERRULED** and the Report and Recommendation is **ADOPTED** as the opinion of the Court. Defendants' motion to dismiss (Doc. 13) is **GRANTED** and Plaintiff's complaint (Doc. 1) is **DISMISSED**. Alternatively, the complaint is

---

Ct. 1827, 1838, 36 L. Ed. 2d 439 (1973) (the only available remedy through a habeas action is "immediate or more speedy release"). It is true that an individual cannot pursue habeas relief from the federal courts until he has exhausted all available means of challenging his conviction under state law and that the statute of limitations for filing a federal habeas action is tolled during the pendency of appellate review and state habeas proceedings. 28 U.S.C. § 2244(b)(1)(A) and (d)(1)(A). No such limitation, however, exists for the filing of non-habeas claims.

**DISMISSED** for lack of timely service. The Clerk of Court is **DIRECTED** to **CLOSE** this case.

**SO ORDERED** this 22ND day of June 2021.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA